IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS ZABOROWSKI, et. al, on behalf of themselves and a putative class,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>MHN GOVERNMENT SERVICES, INC. and MANAGED HEALTH NETWORK, INC.,<br><br>　　　　Defendants. | No. C 12-05109 SI<br><br>**ORDER DENYING DEFENDANTS' MOTION TO COMPEL ARBITRATION** |

On March 15, 2013, the Court heard argument on defendants' motion to compel arbitration. Having carefully considered the arguments of counsel and the papers submitted, the motion is DENIED, for the reasons set forth below.

**BACKGROUND**

Defendants hired plaintiffs to provide counseling to military service members and their families. Plaintiffs, as Military Family Life Consultants ("MFLCs" or "MFL Consultants"), provide financial counseling, child services, and victim advocacy counseling at U.S. military installations across the country and internationally. Plaintiffs have professional licenses and are rotated on short-term assignments to different locations. Plaintiffs filed this suit alleging that MHN Government Services, Inc. and Managed Health Network, Inc. (collectively "MHN") misclassified them as independent contractors, and that they should be classified as employees and entitled to overtime compensation. They assert claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and similar state

labor laws.

The standard counseling services contract between MHN and an MFL Consultant is called a Provider Services Task Order Agreement ("Agreement"). The Agreement contains an express mandatory arbitration clause. The arbitration clause states in pertinent part:

> The parties agree that any controversy or claim arising out of or relating to this Agreement . . . or the breach thereof, whether involving a claim in tort, contract or otherwise, shall be settled by final and binding arbitration in accordance with the provisions of the American Arbitration Association. The parties waive their right to a jury or court trial.

First Amended Complaint ("FAC"), Ex. A ¶ 20. Some of the procedural rules set forth in the Agreement include: the provisions of the American Arbitration Association ("AAA") govern; the arbitration shall be conducted in San Francisco, California; the arbitrator must be licenced to practiced law; MHN shall choose three arbitrators, and the MFL Consultant shall choose one amongst them; each party may depose one individual and any opposing expert witness; arbitration must be initiated within six months of the claim's occurrence; the arbitrator may not modify or refuse to enforce any agreements; the parties may not be awarded punitive damages; and the prevailing party or substantially prevailing party's costs are borne by the other party. *Id.*

Plaintiffs argue that the arbitration clause is both procedurally and substantively unconscionable, and therefore they should not be compelled to arbitrate their claims.

## LEGAL STANDARD

Section 4 of the Federal Arbitration Act ("FAA") permits "a party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration [to] petition any United States District Court . . . for an order directing that . . . arbitration proceed in the manner provided for in [the arbitration] agreement." 9 U.S.C. § 4. Upon a showing that a party has failed to comply with a valid arbitration agreement, the district court must issue an order compelling arbitration. *Id.*

The FAA espouses a general policy favoring arbitration agreements. *AT&T Mobility LLC v.*

2

*Concepcion*, 131 S. Ct. 1740, 1746 (2011); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). Federal courts are required to rigorously enforce an agreement to arbitrate. *See Hall Street Assoc., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008). Courts are also directed to resolve any "ambiguities as to the scope of the arbitration clause itself . . . in favor of arbitration." *Volt Info. Sciences, Inc. v. Bd. of Trustees of Leland Stanford Jr. Univ.*, 489 U.S. 468, 476 (1989).

However, the strong presumption in favor of arbitration "does not confer a right to compel arbitration of any dispute at any time." *Volt*, 489 U.S. at 474. The FAA provides that arbitration agreements are unenforceable "upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Arbitration agreements may be invalidated by "'generally applicable contract defenses, such as fraud, duress, or unconscionability,' but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1746 (2011) (quoting *Doctor's Assoc., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996)). This is because "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960). Accordingly, the Court reviews arbitration agreements in light of the "liberal federal policy favoring arbitration and the fundamental principle that arbitration is a matter of contract," and therefore the Court "must place arbitration agreements on an equal footing with other contracts and enforce them according to their terms." *Concepcion*, 131 S. Ct. at 1745-46 (quotations and citations omitted).

## DISCUSSION

### I. Unconscionable Arbitration Agreement

In *Concepcion*, the lower courts had relied on a California Supreme Court case, *Discover Bank v. Superior Court*, 36 Cal. 4th 148 (2005), which created a rule that prohibited as unconscionable class action waivers in arbitration agreements. The *Concepcion* Court explained that when a rule "prohibits outright the arbitration of a particular type of claim," then it is preempted by the FAA. 131 S. Ct. at

3

1747. However, *Concepcion* explicitly reaffirmed California's general contract defense of unconscionability as applied to arbitration agreements. Only "defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue" are preempted by the FAA, and therefore invalid. *Concepcion*, 131 S. Ct. at 1746.

Under California law,[1] a contract is not enforceable if it is found to be unconscionable. *See, e.g.*, *Armendariz v. Found. Health Psychcare Svcs., Inc.*, 24 Cal. 4th 83, 91 (2000). In order for a court to find an arbitration agreement unconscionable as a whole, the court must find that the agreement is both procedurally and substantively unconscionable. *Kilgore v. KeyBank, Nat. Ass'n*, 673 F.3d 947, 963 (9th Cir. 2012) (citing *Armendariz*, 24 Cal. 4th at 99). "Courts use a 'sliding scale' in analyzing these two elements: '[T]he more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa.'" *Id.* (quoting *Armendariz*, 24 Cal. 4th at 99).

### A. Procedural Unconscionability

Under California law, a contract is procedurally unconscionable if there is "oppression" or "surprise." *Armendariz*, 24 Cal. 4th at 114. Additionally, "California law treats contracts of adhesion . . . as procedurally unconscionable to at least some degree." *Lau v. Mercedes-Benz USA, LLC*, CV 11-1940 MEJ, 2012 WL 370557, at *8 (N.D. Cal. Jan. 31, 2012) (quoting *Bridge Fund Capital Corp. v. Fastbucks Franchise Corp.*, 622 F.3d 996, 1004 (9th Cir. 2010)). "Oppression arises from an inequality of bargaining power that results in no real negotiation and an absence of meaningful choice, while surprise involves the extent to which the supposedly agreed-upon terms are hidden in a prolix printed form drafted by the party seeking to enforce them." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1280 (9th Cir. 2006) (quoting *Flores v. Transamerica HomeFirst, Inc.*, 93 Cal. App. 4th 846, 853 (2001)) (quotations omitted).

Here, the Agreement is a contract of adhesion because it is "a standardized contract, which,

---

[1] The parties do not dispute that California law governs this case.

1 imposed and drafted by the party of superior bargaining strength, relegates to the subscribing party only
2 the opportunity to adhere to the contract or reject it." *Armendariz*, 24 Cal. 4th at 113; *see* FAC ¶ 83;
3 Baldini Decl. ¶¶ 3-4 ; Zaborowski Decl. ¶ 25.[2] The Court in *Concepcion* explicitly recognized that
4 California is "free to take steps addressing the concerns that attend contracts of adhesion." 131 S. Ct.
5 at 1750 n.6. Adhesion alone, however, is insufficient to find a contract unconscionable.

      Additionally, the Agreement contains elements of oppression. MHN is in a superior bargaining position to the individual MFL Consultants. It is a sophisticated business entity whose lawyers drafted the agreement, while the employees generally do not retain attorneys to review their contracts. Although the disparity in bargaining power is diminished because MFL Consultants are well-educated professionals, it is not fully dispelled. Moreover, signing the Agreement was a condition of employment with MHN, and MFL Consultants were given no general opportunity to renegotiate the terms. *Compare Kilgore*, 673 F.3d at 964 (finding no procedural unconscionability because there was a 60-day opt-out provision), *with Lau*, 2012 WL 370557, at *8 (finding a contract oppressive when it was presented on a take-it-or-leave it basis and there was no opportunity to negotiate any of the pre-printed terms).

      Furthermore, surprise is present in the Agreement. The arbitration clause appears in paragraph twenty of twenty-three paragraphs. It is not set apart from the rest of the agreement in any way, such as highlighting or outlining; the signature line is on the following page, and it does not require a separate signature. *See Lau*, 2012 WL 370557, at *8 (finding the element of surprise when the arbitration clause was not set apart from the rest of the contract and was not on the same page where a signature was

---

[2]On March 28, 2013, about two weeks after the hearing on this motion, MHN filed a motion for administrative relief, seeking leave to file a supplemental declaration on the arbitration issue. The declaration, executed by a vice-president of MHN, attaches MHN's "Policy and Procedure" concerning "non-standard Provider contracts." The declarant states that "on at least one occasion" an MFL Consultant requested and received a change in contract language concerning indemnification. No explanation was offered why this information was not provided in a timely manner, prior to the hearing, and the administrative motion to file the supplemental declaration is DENIED on that account. Had it been timely provided, the declaration's assertions could have been explored at argument; issues such as how many MFL Consultants have been employed by MHN over the years, how many changes have been requested, how many changes have been rejected, etc. could have been discussed. In any event, it is not clear that this "Policy and Procedure," with its many levels and layers of required approval, was made known to plaintiff MFL Consultants or that it provided the opportunity for "real negotiation" and "meaningful choice." *Nagrampa*, 469 F.3d at 1280; *Flores*, 93 Cal. App. 4th at 853.

required).

Accordingly, the Court finds that the arbitration clause was procedurally unconscionable because the agreement was a contract of adhesion, was oppressive, and created an unfair surprise.

### B.     Substantive Unconscionability

An arbitration provision is substantively unconscionable if it is "overly harsh" or generates "'one-sided' results." *Armendariz*, 24 Cal. 4th at 114; *see also Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1172 (9th Cir.2003) (defining substantive unconscionability as whether the terms of an agreement are so one-sided as to shock the conscience). This can be shown if the disputed provisions of the agreement fall outside the reasonable expectations of the party of inferior bargaining power in an adhesion contract. *Graham v. Scissor-Tail, Inc.*, 28 Cal. 3d 807, 820 (1981).

Plaintiffs argue that eight terms in the Agreement are substantively unconscionable. The Court need not find all eight terms overly harsh or one-sided to find that there is substantive unconscionability in the Agreement.

#### 1.     Six-month Statute of Limitations

First, the Agreement provides that "[a]rbitration must be initiated within 6 months after the alleged controversy or claim occurred." FAC, Ex. A ¶ 20. California courts generally uphold a contractually shortened statute of limitations, as long as the shortened period is "reasonable." *Moreno v. Sanchez*, 106 Cal. App. 4th 1415, 1430 (2003). However, California courts understand "reasonable" as a sufficient time period to discover and pursue remedies; contractually shortening a statute of limitations is generally not accepted in cases other than a "breach of a contract or for the accrual of a right [that] is immediate and obvious." *Id.* (finding that a one-year statute of limitations from accrual instead of discovery in a home inspection contract is unconscionable). The issue of delayed discovery is especially relevant in an employment context, where the cause of action may not be discovered for long periods of time. The difficulty of discovery is true whether the MFL Consultants are determined

6

to be employees or contractors. California courts have generally disapproved of contractually limiting the statute of limitations in the employment context, especially if doing so would foreclose statutory remedies to which the plaintiff may be otherwise entitled. *See, e.g.*, *Ingle*, 328 F.3d at 1175 (finding a one-year statute of limitations unconscionable because it would deprive plaintiffs of the benefit of the continuing violation doctrine available in FEHA suits). The six-month limitation here is not sufficient for plaintiffs to discover the alleged FLSA violations, which rely on the treatment of MFL Consultants over time.

Therefore, the Court finds that this provision is unconscionable under California law.

### 2. MHN's Choice of the Pool of Arbitrators

Second, the arbitration clause allows MHN to unilaterally choose the pool of arbitrators. The arbitration agreement provides that "MHN shall provide Provider [MFLC] with a list of three neutral arbitrators from which Provider shall select its choice of arbitrator for the arbitration." FAC, Ex. A ¶ 20. This allows for creation of a very one-sided arbitration process, since MHN has the opportunity to choose the three most sympathetic arbitrators it can find, and the MFL Consultant will not be presented with a meaningful choice. MHN argues that this clause should be construed to mean that the MFL Consultant would choose an arbitrator from the AAA's list. However, that is not what the terms of the clause state. Under the plain meaning of the Agreement, MHN can select any three arbitrators it wishes, as long as the arbitrators are licensed to practice law. This term is substantively unconscionable. *See Pokorny v. Quixtar, Inc.*, 601 F.3d 987, 1003 (9th Cir. 2010) (finding an arbitrator selection process substantively unconscionable where the employer hand-selected a pool of five arbitrators that it had specially trained, from which the plaintiff could choose its arbitrator).

### 3. Limited Discovery

Third, plaintiffs argue that the limited discovery provided under the Agreement is unconscionable. The Agreement allows each party to depose one individual and the opposing expert

7

witness. The parties must exchange witness lists 30 days before arbitration, and each is limited to a single expert witness. Plaintiffs argue that this in inadequate, because the issues are complex, and because they frequently change locations, so they may need many witnesses. FAC, Ex. A ¶ 20.

As the Supreme Court has recognized, arbitration typically involves limited discovery rights. *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 31 (1991). Limited discovery, in itself, cannot be the basis for finding an arbitration agreement unconscionable, because such a rule would impermissibly rely on the fact that an agreement to arbitrate is at issue. Rather, for the discovery provisions to be unconscionable, they must be so limited as to "prove insufficient to allow [plaintiffs] a fair opportunity to present their claims." *Id.*; *see also Armendariz*, 24 Cal. 4th at 106 (holding that plaintiffs "are entitled to discovery sufficient to adequately arbitrate their statutory claims, including access to essential documents and witnesses"). Moreover, the discovery provisions cannot be one-sided. *See Ferguson v. Countrywide Credit Indus., Inc.*, 298 F.3d 778, 786 (9th Cir. 2002) (finding the discovery provision one-sided because it only placed limits on the number of corporate representatives that could be deposed, but no comparable limits for the plaintiff).

The Court finds that plaintiffs have not met their burden in showing that the limited discovery is so one-sided or inadequate that it is unconscionable.

### 4. Filing Fees

Next, plaintiffs argue that the term requiring AAA filing fees is unconscionable. MHN argues that the AAA commercial arbitration rules govern. Under these rules, the required forum fees increase with the amount in controversy. For claims up to $10,000, the filing fee is $775; if the claim is between $75,000 and $150,000, the fee is $2,600 (an initial fee of $1,850 and a final fee of $750). Plaintiffs argue that they will be subject to the $2,600 fee, which is prohibitively expensive and creates a one-sided contract (in contrast, the AAA filing fee for employment disputes is $175, and the filing fee for cases filed in the Northern District of California is $375). MHN argues that plaintiffs have not adequately shown that they will not be subject to the lowest filing fee. They argue that the $775 fee is

"only" $400 more than this district's fee, and that this slightly higher fee will be offset by the cost-savings due to the efficiency of arbitration.

Plaintiffs have pled in good faith that their claims exceed $75,000. *See* Zaborowski Decl. ¶ 34; Badini Decl. ¶ 10. Thus, they would be subject to the $2,600 fee, which is over seven times greater than the fee in this district, and almost fifteen times greater than the AAA fee for employment disputes. Under California law, significant forum fees, especially in suits against employers, are unconscionable. *Armendariz*, 24 Cal. 4th at 111-12. Accordingly, the Court finds this provision unconscionable.

### 5. Fees and Costs

Additionally, plaintiffs argue that the allocation of attorneys' fees and costs in the Agreement is unconscionable. Both California law and the FLSA require an award of fees and costs to the prevailing plaintiff, but not to the prevailing defendant. 29 U.S.C. § 216(b); Cal. Labor Code § 1194(a). The Agreement, however, has a fee shifting provision which provides that "[t]he prevailing party, or substantially prevailing party's costs of arbitration, are to be borne by the other party, including reasonable attorney's fees." FAC, Ex. A ¶ 20. Thus, contrary to California and federal law, if the employer prevails in a wage dispute, then the plaintiffs will be liable for the employer's costs and fees under the Agreement.

California and federal law recognize that contractor/employee plaintiffs are generally individuals, and often cannot afford to pay for the sophisticated and expensive legal costs of a business employer. To allow attorney fee and cost shifting from the business employer back onto the contractor/employee could be disproportionately burdensome to plaintiffs, creating an advantage for employers. *See Armendariz*, 24 Cal. 4th at 110-11 (holding that an arbitration agreement is substantively unconscionable if it "require[s] the employee to bear any *type* of expense that the employee would not be required to bear if he or she were free to bring the action in court") (emphasis in original); *see also Laughlin v. VMware, Inc.*, 5:11-CV-00530 EJD, 2012 WL 298230, at *6 (N.D. Cal. Feb. 1, 2012) (finding unconscionable provisions that prevented the employee from recovering fees or

costs if she prevailed). Thus, under California law, the fee shifting provision is unconscionable.

### 6. Punitive Damages

"California courts have repeatedly refused to enforce contractual limitations on statutorily imposed remedies such as punitive damages as unconscionable, based primarily on the rationale that the remedies are important to the effectuation of that statute's policy." *Captain Bounce, Inc. v. Bus. Fin. Services, Inc.*, 11-CV-858 JLS WMC, 2012 WL 928412, at *10 (S.D. Cal. Mar. 19, 2012) (citing *Armendariz*, 24 Cal. 4th at 103). This is especially true in the employment context, because an employer may be subject to substantial punitive damages that would likely not be assessed against an individual employee or contractor. Enforcing such a provision would thwart the legislative decision to use punitive damages as a method of ensuring compliance from employers.

The Agreement provides that "[t]he arbitrator shall have no authority . . . to award punitive damages." FAC, Ex. A ¶ 20. MHN argues that the Agreement should be interpreted to preclude only common law punitive damages, not statutory punitive damages. However, this is contrary to the plain language of the Agreement, which does not qualify what type of punitive damages are prohibited. Under the terms of the Agreement, the MFL Consultants would not be able to recover any punitive damages they are seeking.

The Court finds that the limitation of punitive damages is one-sided in this context, and therefore unconscionable.

### 7. Enforcement of the Agreement

The Agreement provides that "[t]he arbitrator shall have no authority to . . . add to, modify, or refuse to enforce any agreements between the parties." FAC, Ex. A ¶ 20. Plaintiffs argue that, because the Agreement labels the MFL Consultants as "independent contractors," an arbitrator will have no choice but to follow the definition provided in the contract. This is in direct contradiction to the FLSA, under which "[e]conomic realities, not contractual labels, determine employment status." *Real v.*

*Driscoll Strawberry Associates, Inc.*, 603 F.2d 748, 755 (9th Cir. 1979). Therefore, plaintiffs argue, this provision is unconscionable because it does not afford them their rights under the law.

However, the Agreement also states that "[t]he arbitrators shall have no authority to make material errors of law" and "shall have no authority to make any award that could not have been made by a court of law." In reading these provisions together, the Court interprets the Agreement to require the arbitrator to interpret the contract under the law, including the FLSA. *See AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986) (holding that a court must choose amongst reasonable interpretations the one that allows for arbitration). Therefore, under the Agreement, the arbitrator would not and could not be bound by the contractual label of "independent contractor," and would be required to apply the economic reality test.

Thus, the Court finds that this provision of the Agreement is not unconscionable.

### 8. Forum in San Francisco

Finally, plaintiffs argue that the Agreement's requirement that "[t]he arbitration shall be conducted in San Francisco, California" is unconscionable. They point to the fact that MFL Consultants work for MHN across the country and throughout the world, and therefore travel to San Francisco is unduly oppressive. Under California law, a forum selection clause is analyzed by taking into account the "respective circumstances of the parties." *Bolter v. Superior Court*, 87 Cal. App. 4th 900, 908 (2001) (finding the forum selection provision "unduly oppressive" where small "Mom and Pop" franchisees located in California were required to travel to Utah to arbitrate their claims against an international carpet-cleaning franchisor); *see also Nagrampa*, 469 F.3d at 1288-90 (finding Boston forum unconscionable because it was so prohibitively expensive that the individual plaintiff was essentially unable to litigate her claim).

Although plaintiffs are able to assert a compelling hypothetical argument as to why this provision would be unconscionable to an MFL Consultant stationed in Germany (or in Djibouti, as was argued at the hearing), the facts here do not support this claim. After all, plaintiffs chose to file their

11

1 suit in San Francisco, exactly where the forum selection clause would have them undergo arbitration.
2 This clause did not "diminish in any way the substantive rights afforded California [plaintiffs] under
3 California law." *Id.* at 1289 (quoting *Am. Online, Inc. v. Superior Court*, 90 Cal. App. 4th 1, 10-11
4 (2001)). It also appears that the Hawaii, Kentucky, and Nevada plaintiffs similarly did not find it
5 prohibitively difficult to assert their claim in San Francisco.

6 Therefore, the Court finds that plaintiffs have not met their burden in showing that the forum
7 selection clause is unconscionable.

## II. Severability

California law allows courts to sever an unconscionable contract provision or strike the contract in its entirety. *See* Cal. Civ. Code § 1670.5(a). The California Supreme Court has construed § 1670.5(a) as giving "a trial court some discretion as to whether to sever or restrict the unconscionable provision or whether to refuse to enforce the entire agreement." *Armendariz*, 24 Cal. 4th at 122. "The question is whether the offending clause or clauses are merely 'collateral' to the main purpose of the arbitration agreement, or whether the [arbitration agreement] is 'permeated' by unconscionability." *Davis v. O'Melveny & Myers*, 485 F.3d 1066, 1084 (9th Cir. 2007) (citing *id.* at 123-24).

The Court has found that the contract is procedurally unconscionable and contains multiple substantively unconscionable provisions. The finding of "multiple unlawful provisions" allows a trial court to conclude that "the arbitration agreement is permeated by an unlawful purpose." *Armendariz*, 24 Cal. 4th at 124. *Compare Davis*, 485 F.3d at 1084 (finding four unconscionable provisions unseverable because they "cannot be stricken or excised without gutting the agreement"), *and Graham Oil Co. v. Arco Products Co.*, 43 F.3d 1244, 1247 (9th Cir. 1994) (finding an arbitration clause that waived punitive damages and attorneys' fees remedies available to plaintiff as unenforceable), *with Lara v. Onsite Health, Inc.*, CV 12-3337 MEJ, 2012 WL 4097712, at *13 (N.D. Cal. Sept. 17, 2012) (finding the single substantively unconscionable provision barring injunctive relief severable because the provision is "collateral to the main purpose of the contract" and not even implicated by the plaintiff's

12

case), *and Grabowski v. Robinson*, 817 F. Supp. 2d 1159, 1179 (S.D. Cal. 2011) (finding that the arbitration agreement is not "permeated with unconscionability" and the three substantively unconscionable provisions may be severed).

The Court finds that the Agreement is so permeated with unconscionability that it is not severable. It is an adhesive contract that contains oppression and surprise. The Agreement's substantively unconscionable provisions range from the method of selecting the arbitrator, the shortened statute of limitations, and limits on statutory remedies, to the filing fees and the allocation of fees and costs. The Court could not "attempt to ameliorate the unconscionable aspects" of the Agreement without being required to "assume the role of contract author rather than interpreter." *Ingle*, 328 F.3d at 1180.

Accordingly, the Court finds that the unconscionable provisions of the arbitration agreement are not severable.

## CONCLUSION

For the foregoing reasons, the Court DENIES defendants' motion to compel arbitration. Docket No. 15.

**IT IS SO ORDERED.**

Dated: April 3, 2013

SUSAN ILLSTON
United States District Judge