IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS ZABOROWSKI, *et. al.*, on behalf of themselves and a putative class,<br><br>Plaintiffs,<br><br>v.<br><br>MHN GOVERNMENT SERVICES, INC. and MANAGED HEALTH NETWORK, INC.,<br><br>Defendants.<br>_____/ | No. C 12-05109 SI<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR CONDITIONAL FLSA COLLECTIVE ACTION CERTIFICATION** |

Currently before the Court is plaintiffs' motion for certification of a conditional FLSA collective action and issuance of notice. Pursuant to Civil Local Rule 7-1(b), the Court determines that these matters are appropriate for resolution without oral argument and VACATES the hearing scheduled for April 26, 2013. Having carefully considered the papers submitted, the motion is GRANTED, for the reasons set forth below.

**BACKGROUND**

Plaintiffs, as Military Family Life Consultants ("MFLCs" or "MFL Consultants"), provide financial counseling, child services, and victim advocacy counseling at U.S. military installations across the country and internationally. They filed this suit against their employers, MHN Government Services, Inc. and Managed Health Network, Inc. (collectively "MHN"), alleging that MHN misclassified them as independent contractors, exempt from overtime payment. They argue that they should instead be classified as employees and entitled to overtime compensation. They assert claims

under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and similar state labor laws.

On November 1, 2012, defendants moved to compel arbitration pursuant to an arbitration clause in the employment contract between the MFL Consultants and MHN. The Court denied the motion on April 3, 2013, and defendants appealed that order (the "Arbitration Order").

On March 14, 2013, plaintiffs filed a motion for conditional FLSA collective action certification. The proposed class is defined as: "All individuals who have worked as MFLCs for MHN while classified as independent contractors, at any time from October 2, 2009 to the time of trial, in any territory subject to the coverage of the FLSA." Pls.' Mot. at 1. Plaintiffs argue that they are similarly situated to the proposed class members with respect to their FLSA claims, and therefore conditional certification is warranted. Defendants make two arguments against conditional certification: (1) the motion for conditional certification is premature because of defendants' pending appeal of the Arbitration Order, and (2) the differences between and amongst MFLCs is so great that they are not "similarly situated."

**LEGAL STANDARD**

Section 216(b) of the FLSA provides that one or more employees may bring a collective action "on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b); *see also Genesis Healthcare Corp. v. Symczyk*, 2013 WL 1567370, at *3 (U.S. 2013). To determine whether plaintiffs are "similarly situated," courts in this circuit have applied a "two-step approach involving initial notice to prospective plaintiffs, followed by a final evaluation whether such plaintiffs are similarly situated." *Leuthold v. Destination America, Inc.*, 224 F.R.D. 462, 467 (N.D. Cal. 2004). "The first step under the two-tiered approach considers whether the proposed class should be given notice of the action. This decision is based on the pleadings and affidavits submitted by the parties." *Adams v. Inter-Con Sec. Systs., Inc.*, 242 F.R.D. 530, 536 (N.D. Cal. 2007) (citations omitted). "In the second step, the party opposing certification may move to decertify the class once discovery is complete and the case is ready to be tried." *Id.*

"Courts have held that conditional certification requires only that plaintiffs make substantial allegations that the putative collective action members were subject to a single illegal policy, plan or

2

decision." *In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 527 F. Supp. 2d 1053, 1071 (N.D. Cal. 2007); *see also Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996), cert. denied, 519 U.S. 982 (1996) (finding that "plaintiffs need show only that their positions are similar, not identical, to the positions held by the putative class members") (internal citation and quotation omitted). "The standard for certification at this [first] stage is a lenient one that typically results in certification." *Russell v. Wells Fargo & Co.*, No. C 07-3993 CW, 2008 WL 4104212, at *2 (N.D. Cal. Sept. 3, 2008) (citing *Wynn v. Nat'l Broad. Co. Inc.*, 234 F. Supp. 2d 1067, 1082 (C.D. Cal. 2002)); *see also Adams*, 242 F.R.D. at 536 ("The court makes this [first stage] determination under a fairly lenient standard due to the limited amount of evidence before it. The usual result is conditional class certification.") (citations omitted).

Collective actions under the FLSA are not subject to the requirements of Rule 23 for certification of a class action. *See Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001). Indeed, "[t]he requisite showing of similarity of claims under the FLSA is considerably less stringent than the requisite showing under Rule 23 of the Federal Rules of Civil Procedure." *Wertheim v. Arizona*, No. CIV 92-453 PHX RCB, 1993 WL 603552, *1 (D. Ariz. Sept. 30, 1993) (citations omitted) (finding that "[a]ll that need be shown by the plaintiff is that some identifiable factual or legal nexus binds together the various claims of the class members in a way that hearing the claims together promotes judicial efficiency and comports with the broad remedial policies underlying the FLSA").

**DISCUSSION**

**I.      Delaying Decision on the Motion During Pending Appeal**

First, defendants argue that the Court should not consider plaintiff's motion for conditional FLSA collective action certification, because it is not "mature." Defs.' Opp'n at 1. They argue that the pending appeal of the Court's Arbitration Order warrants a delay on the decision of plaintiffs' motion. Otherwise, they argue, judicial resources may be wasted and the MFL Consultants will be needlessly contacted if the Arbitration Order is reversed.

The Court is unpersuaded by defendants' arguments. It is the hallmark of the conditional certification process that often members will be contacted to opt in to a class, and then the class may

later become disbanded. This could occur in many ways, such as if a court grants a defendant's motion to decertify the class, if claims become moot, or if an appellate court reverses an order of the district court. The possibility that this Court's Arbitration Order may be reversed is not a persuasive reason to delay the decision on plaintiffs' motion for conditional FLSA collective action certification, as a class could not materialize in many other different scenarios.

Moreover, plaintiffs have filed declarations from six MFL Consultants and documentary evidence from MHN. Defendants have also filed declarations from MHN employees and numerous pieces of documentary evidence. There is sufficient evidence for the Court to decide this motion, and no need for delay. Furthermore, a prompt decision will promote justice and efficiency by notifying potential class members of this action early so that documents and memories can be more carefully preserved, and discovery can proceed forward. Prompt notification advances "the principal congressional purpose in enacting the Fair Labor Standards Act of 1938 [which] was to protect all covered workers from substandard wages and oppressive working hours." *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981).

## II. Similarly Situated Class Members

The Court finds that the MFL Consultants are similarly situated to plaintiffs. Plaintiffs and other MFL Consultants all share the same job title and similar duties. MHN has standard policies, set forth in the MFLC Provider Manual and MFLC Program Summary, that apply to all MFL Consultants. Sagafi Decl., Exs. A & B. They also are all subject to the same employment agreement with MHN, the Provider Services Task Order Agreement. Second Amended Complaint ("SAC"), Ex. A. MHN classifies all MFL Consultants as exempt employees, and therefore does not pay them for overtime hours. SAC ¶ 48.

Additionally, plaintiffs have made a showing that the MFL Consultants have similar duties, regardless of the type or location of assignment they are given. One MHN document explains that the MFL Consultants' main role is to "[p]rovide short term, situational, problem solving non-medical counseling services in support of military personnel and their families." SAC ¶ 54. MFL Consultants testify that their work on different assignments is fundamentally similar, and MHN treated them as

4

interchangeable units. *See* Supp. Gliedt-Peter Decl., ¶¶ 9-14 (describing working "interchangeably" with an MFLC doing an adult assignment while he was working on a child assignment, and also participating in training with MFLCs on rotational, embedded, and surge assignments); Supp. Platt Decl., ¶¶ 6, 9, 12-13 (describing the work performed on rotational, embedded, and surge assignments, and services for children and adults, as "fundamentally the same"). Indeed, one MFL Consultant explained that the "MFLC position was, by design, standardized so that any fully trained MFLC could step in and perform the job duties of any other MFLC with little to no disruption in services." Hennis Decl. ¶ 8.

Defendants argue that the individual differences among the MFL Consultants' work experiences means that they are not "similarly situated" for the purposes of conditional FLSA collective action certification. They point to the changing goals of the military, declarations from MHN supervisors that dispute the fact that MHN had control over the MFL Consultants, and the different locations, types of clients, and types of assignments that varied amongst the MFL Consultants.

The Court is unpersuaded that these differences preclude a finding that the MFL Consultants are similarly situated under the lenient FLSA standards. *See, e.g.*, *Hill v. R+L Carriers, Inc.*, 690 F. Supp. 2d 1001, 1004 (N.D. Cal. 2010) (certifying FLSA class of individuals who were "City Dispatchers" "and any other position(s) who are either called, or work(ed) as, dispatchers"); *Adams*, 242 F.R.D. at 537-38 (certifying a nationwide FLSA class of employees working in over "500 different locations, under more than fifty different contracts and in thirty-six different states," and emphasizing that the plaintiffs were similarly situated because they were "subject to the same alleged policy"). Here, the MFL Consultants have the same job title; perform substantially similar activities; are governed by the same Provider Services Task Order Agreement, Provider Manual, and Program Summary; and, most importantly, are all considered exempt employees that MHN does not pay for overtime. Plaintiffs have made the requisite showing that the MFL Consultants are in a substantially similar position; they need not show that the position is identical.

## CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiffs' motion for conditional FLSA collective

action certification. The Court ORDERS the parties to meet and confer regarding the notice and notice procedures, and jointly file a proposed notice **by no later than May 3, 2013.** Additionally, the Court ORDERS defendants to produce to plaintiffs in Microsoft Excel or comparable format the names, all known addresses, all known e-mail addresses, and all known telephone numbers of all known MFLCs, **by no later than May 17, 2013.** This resolves Docket No. 54.

**IT IS SO ORDERED.**

Dated: April 25, 2013

SUSAN ILLSTON
United States District Judge