IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS ZABOROWSKI, *et. al*, on behalf of themselves and a putative class,<br><br>Plaintiffs,<br><br>v.<br><br>MHN GOVERNMENT SERVICES, INC. and MANAGED HEALTH NETWORK, INC.,<br><br>Defendants. | No. C 12-05109 SI<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO STAY CASE PENDING APPEAL** |

Currently before the Court is defendants' motion to stay the case pending the appeal of this Court's order denying defendants' motion to compel arbitration ("Arbitration Order"). Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument. Having carefully considered the papers submitted, the motion is GRANTED, for the reasons set forth below.

**BACKGROUND**

Plaintiffs in this putative class action contracted to provided counseling services for defendants MHN Government Services, Inc. and Managed Health Network, Inc. (collectively "MHN"), as Military Family Life Consultants ("MFLCs" or "MFL Consultants"). On November 1, 2012, defendants moved to compel arbitration pursuant to an arbitration clause in the services contract between the MFL Consultants and MHN. The Court heard argument on the motion on March 15, 2013. Before the Court could issue a decision on the motion to compel arbitration, defendants moved to stay the case. On April

3, 2013, the Court denied the motion to compel arbitration, and defendants appealed the Arbitration Order.

On March 14, 2013, plaintiffs filed a motion for conditional FLSA collective action certification. The Court granted plaintiff's motion for conditional FLSA collective action certification, and ordered the parties to jointly file a proposed notice by no later than May 3, 2013. After that order was issued, defendants renoticed their motion to stay the case pending the appeal of the Arbitration Order.

A substantially similar case is pending in the United States District Court for the Western District of Washington, *Hiett v. MHN Gov't Servs., Inc.*, No. 3:12-cv-5428 (filed on May 15, 2012). In that case, as in this case, the MHN defendants moved to compel arbitration, and the court denied the motion. However, that case is stayed pending resolution by the Washington Supreme Court of the "identical" arbitration issue presented in another case against MHN, *Brown v. MHN Government Services, Inc.,* Pierce County No. 11-2-08582-7.

**LEGAL STANDARD**

A district court's order denying a motion to compel arbitration does not effectuate an automatic stay of proceedings pending appeal. *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990). The system created by the Federal Arbitration Act ("FAA") allows a district court to evaluate the merits of the moving party's claim, and to grant or deny a stay as a matter of discretion, dependent on the case's particular facts. *Id.* The party requesting the stay thus bears the burden of showing that the case's circumstances justify favorable exercise of that discretion. *Nken v. Holder*, 556 U.S. 418, 433-34 (2009).

To determine whether the moving party has met its burden, the Ninth Circuit adheres to a four-factor test: (1) whether the party has made a strong showing it is likely to succeed on the merits; (2) whether it will be irreparably injured absent a stay; (3) whether issuance of a stay will substantially injure the other parties in the proceeding; and (4) where the public's interest lies. *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011); *Nken*, 556 U.S. at 434.

In weighing these factors, courts apply a "sliding scale," whereby the elements of the test are balanced "so that a stronger showing of one element may offset a weaker showing of another." *Leiva-*

*Perez*, 640 F.3d at 964. In particular, a moving party who under the first factor cannot satisfy a strong likelihood of success, must at minimum show that its appeal presents "a substantial case on the merits." *Id.* at 965. Courts alternatively articulate this lesser threshold as whether "serious legal issues" are raised. *See Abbassi v. INS*, 143 F.3d 513, 514 (9th Cir. 1998). A party meeting this lower threshold is not required to show that it is more likely than not to win on the merits, but must then demonstrate that the balance of hardships under the second and third factors tilts sharply in its favor. *Leiva-Perez*, 640 F.3d at 966, 970.

## DISCUSSION

**1.     Likelihood of Success or Substantial Legal Question**

Defendants argue that the pending appeal involves serious legal questions because the application of a recent Supreme Court case, *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1746 (2011), to California law governing arbitration agreements is still being determined by California and federal courts. Plaintiffs argue that the appeal is not likely to succeed, because the many substantively and procedurally unconscionable aspects of the arbitration agreement make it unlikely that the Ninth Circuit will overturn the Arbitration Order.

To satisfy the first factor, defendants need not show a strong likelihood of success on appeal; a substantial case on the merits exists if there is a serious legal question to be answered by the court of appeals and the "balance of equities" of the final three factors strongly weigh in favor of granting a stay. *Leiva-Perez*, 640 F.3d at 967-70.

Here, defendant's appeal presents a legitimate, substantial question as to the applicability of the FAA to California law governing arbitration agreements. Although *Concepcion* explicitly left unconscionability available as a defense to arbitration agreements, the exact contours of this defense after *Concepcion* are still being determined by California and federal courts.

**2.     Irreparable Harm to Defendants**

Generally, monetary expenses incurred in litigation are not considered irreparable harm. However, arbitration is unique in this aspect. If a party must undergo the expense of trial before being

3

able to appeal denial of a motion to compel arbitration, the anticipated advantages of arbitration – speed and economy – are lost. *Alascom, Inc. v. ITT North Elec. Co.*, 727 F.2d 1419, 1422 (9th Cir.1984).

If this litigation proceeds through trial, MHN will face substantial costs in defending it, which would affect the cost-limiting purpose of arbitration. The Court therefore finds that it is appropriate to stay the action to allow the arbitration appeal to be decided prior to trial. However, the costs that MHN will incur in notifying the conditionally certified FLSA class will not defeat the purpose of the arbitration agreement. These MFL Consultants will have the option to join this case or to undergo arbitration of their claims alone. Even if the Arbitration Order is reversed or the conditional FLSA class is decertified, the MFL Consultants may proceed with their claims in arbitration.[1]

Thus, the Court determines that, in the limited context of an interlocutory appeal of the Arbitration Order and once the conditionally certified FLSA class has received its notification, defendant would be irreparably harmed if the Court did not enter a stay.

### 3. Prejudice to the Plaintiffs

Plaintiffs argue that they will be harmed if a stay is granted because the MFL Consultants would not be informed of their potential claims against MHN, and therefore evidence and memories may be lost, statutes of limitations may run, and relief would be delayed.

The Court finds that, if MFL Consultants receive notification of the case prior to the effectuation of the stay, most of plaintiffs' concerns are alleviated. Memories, evidence, and claims will be preserved. Although relief may be delayed, this case is still in its earliest stages, relief through the court system often takes a long time, and the delay may be mitigated by remedies such as prejudgment interest.

Thus, the Court finds that plaintiffs will not suffer substantial harm from a stay of the case.

### 4. The Public Interest

The policy underlying the FAA is to promote judicial efficiency and economy. Thus, contrary

---

[1] The parties dispute whether MFL Consultants may proceed in arbitration as a class. The Court need not decide that issue. Either way, arbitration remains an option for them.

4

to public policy, judicial resources will be wasted if this case proceeds all the way to trial, only for the Court to later discover that the case should have proceeded through arbitration. Moreover, the unique procedural posture in this case raises further concerns for judicial efficiency. The Western District of Washington also stayed its substantially similar case pending resolution of the arbitrability question by the Washington Supreme Court in *Brown*. Because of the various stays, it has not yet been determined whether any of these cases are related and should be handled in tandem.

Accordingly, the Court finds that the public interest weighs in favor of a stay.

## CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiffs' motion to stay the case pending appeal of the Arbitration Order. The stay shall become effective once the conditionally certified FLSA class has received its notification and invitation to opt into the case. The Court ORDERS the parties to incorporate information regarding the stay in their proposed notice, which shall be filed with the Court **by no later than May 6, 2013.** This resolves Docket Nos. 59, 81.

**IT IS SO ORDERED.**

Dated: May 1, 2013

SUSAN ILLSTON
United States District Judge