IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS ZABOROWSKI, *et. al*, on behalf of themselves and a putative class,<br><br>Plaintiffs,<br><br>v.<br><br>MHN GOVERNMENT SERVICES, INC. and MANAGED HEALTH NETWORK, INC.,<br><br>Defendants. | No. C 12-05109 SI<br><br>**ORDER RE FLSA COLLECTIVE ACTION NOTICE DOCUMENTS** |

On May 1, 2013, the Court granted defendants' motion to stay the case pending its appeal of the Arbitration Order, to become effective once the conditionally certified FLSA class receives its notification and invitation to opt into the case. The Court ordered the parties to jointly file a proposed notice. Although it appears there was a significant attempt to reach an agreement on the notices, the parties were unable to agree on all aspects of the notice, and requested that the Court resolve these differences. The Court will address each issue in turn.

**1.    Notice Procedure**

The parties agreed that the notification costs will be borne by plaintiffs, the notices will be distributed by mail and email, and the notification period will be 75 days. The parties disagreed about whether the contact information of the putative class, the Military and Family Life Consultants ("MFLCs"), should be produced to plaintiffs or a third party.

The Court has already ordered that defendants produce the contact information to plaintiffs. *See*

Docket No. 80 at 6. In case there is any confusion, the Court again ORDERS defendants to produce to plaintiffs in Microsoft Excel or comparable format the names, all known addresses, all known e-mail addresses, and all known telephone numbers of all known MFLCs, **by no later than June 21, 2013**.

**2.      Heading and Caption**

Defendants' proposed notice uses a caption similar to a court document. Plaintiffs' simpler caption merely states the name of the court. The Court prefers defendants' proposed caption, which makes the notice look more like an official court document, and less like an advertisement.

**3.      Footer**

Defendants' proposed notice includes a footer that states, "NOTICE OF CONDITIONAL CERTIFICATION CASE NO. 12-CV-05109-SI." Plaintiffs' proposed notice includes a footer that states, "For more information, visit www.MFLC-OT.com or call toll free XXX-XXX-XXXX." The Court finds that both of these footers provide useful information to the MFL Consultants. Therefore, the footer shall include both parties' proposed footers, with defendants' footer above plaintiffs' footer.

**4.      Description of Defendants' Position**

In § 3 of the notice, defendants' proposed explanation of their position is: "MHNGS denies the Plaintiffs' allegations and contends that MFLCs were properly classified as independent contractors and are not entitled to overtime pay under the FLSA*, and that, even if they were not properly classified as independent contractors, they were exempt from overtime*." Plaintiffs argue that the emphasized clause should be redacted, because it is redundant. The Court finds that the additional language is not redundant or duplicative; it adds extra information, and therefore should be included.

**5.      Joining the Lawsuit**

Plaintiffs' proposed explanation of joining the lawsuit includes the following explanation: "If you have provided services as an MFLC independent contractor to MHNGS *at any time* from October 2, 2009 to the present, you may join this lawsuit. *You can join by mailing, faxing, or emailing the*

2

1  *enclosed green "Consent to Join" form to the Plaintiffs' attorneys before the deadline."* Defendants
2  object to the emphasized words, arguing that they are duplicative and unnecessary. The Court finds that
3  plaintiffs' proposed language provides useful information to the MFLCs, and therefore should be
4  included.

### 6. Evidence Preservation

The parties disagree on how to communicate to the MFLCs regarding evidence preservation. Defendants' proposed notice goes into great depth on the topic, and plaintiffs argue that this section could be overwhelming or intimidating to lay persons. However, defendants argue that plaintiffs' proposed notice does not provide enough information to the MFLCs on this important topic. The Court finds that the following explanation sufficiently addresses these competing concerns: "If you join this lawsuit, you may be required to respond to written questions, produce documents you have related to the case, sit for a deposition and/or testify in court – in which case Plaintiffs' counsel will assist you. You should preserve evidence relevant to this lawsuit." No additional explanation is necessary.

### 7. Information Regarding Defendants' Counsel

Plaintiffs argue that inclusion of MHN's counsel's information will be confusing and redundant. The Court disagrees, and finds that it will provide useful information to the MFLCs as they decide whether or not to opt in to the lawsuit.

Plaintiffs argue that the MFLCs should be warned of the risks of contacting defendants' counsel. The Court agrees. However, plaintiffs' proposed language should be modified as follows: "You are free to provide information and evidence to either side in the lawsuit – to the Plaintiffs' counsel representing MFLCs or to MHN and its counsel. Be aware that MHN's counsel solely represents MHN – they do not represent your interests."

### 8. Information Regarding the Status of the Lawsuit

The parties' notices differ in the information they provide to the MFLCs regarding the status of the case. The Court finds that plaintiffs' version is preferable, because it is more concise and more

3

accurate.

### 9. Consent to Join Form

Defendants object to the bottom portion of plaintiffs' Consent to Join Form, which provides instructions on when and how to submit the form. The Court finds that this information will be helpful to the MFLCs, and should be included. Therefore, it approves plaintiffs' version of the Consent to Join Form.

### 10. Privileged Attorney-Client Communication Notice

Plaintiffs' version of the Privileged Attorney-Client Communication Notice includes a section at the bottom entitled "Additional Information," which has a bulleted list of information. The Court finds that this information is duplicative and redundant with the information provided in the notice. The Court finds that the entire "Additional Information" section should be removed, but it otherwise approves of plaintiffs' version of the Privileged Attorney-Client Communication Notice.

Plaintiffs are ORDERED to disseminate the notices to the MFLCs in accordance with this order **by no later than July 12, 2013.**

**IT IS SO ORDERED.**

Dated: June 14, 2013

SUSAN ILLSTON
United States District Judge