1

2

3

4

5            IN THE UNITED STATES DISTRICT COURT

6            FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8   BARBARA BROWN and CINDY HIETT, *et al.*,          No. C 14-1449 SI
    on behalf of themselves and a putative class,     Related Cases C 12-5109 SI and C 13-3016 SI
9
                    Plaintiffs,                        **ORDER GRANTING DEFENDANTS'**
10                                                     **MOTION TO STAY CASE PENDING**
       v.                                              **APPEAL AND DENYING**
11                                                     **ALTERNATIVE MOTION TO DISMISS**
    MHN GOVERNMENT SERVICES, INC.;                     **AND MOTION TO COMPEL, WITHOUT**
    HEALTH NET, INC.; and MHN SERVICES                 **PREJUDICE TO RENEWAL AFTER**
12  d/b/a MHN SERVICES CORPORATION, a                  **STAY IS LIFTED**
    Washington corporation,
13
                    Defendants.
14  _____/

15

16          Defendants' motion to stay proceedings, defendants' motion to compel arbitration, and

17  defendants' alternative motion to dismiss are scheduled for a hearing on June 6, 2014.  Pursuant to Civil

18  Local Rule 7-1(b), the Court determines that these matters are appropriate for resolution without oral

19  argument.  For the reasons set forth below, the Court GRANTS defendants' motion to stay proceedings

20  and DENIES the motions to compel and to dismiss, without prejudice to renewal after the stay is lifted.

21

22                                      **BACKGROUND**

23          This case is one of three related collective and/or class actions brought by plaintiffs against

24  defendants MHN Government Services, Inc. and Managed Health Network, Inc. (collectively "MHN").

    The other lawsuits are *Zaborowski v. MHN Government Services, Inc.*, C 12-5109 SI, and *Hiett v. MHN*
25
    *Government Services, Inc.*, C 13-3016 SI.  This case was originally filed in Washington state court on
26
    June 14, 2011, removed and remanded several times, and eventually removed and transferred to this
27
    Court on March 28, 2014.  *Hiett* was originally filed in Washington federal court on May 15, 2012, and
28

*United States District Court*
*For the Northern District of California*

transferred to this Court on July 1, 2013.  *Zaborowski* was originally filed in this Court on October 2, 2012.  Health Net, Inc. is named as a defendant in this lawsuit and in *Hiett*, but not in *Zaborowski*.  *Zaborowski* and *Hiett* were related in an order filed September 9, 2013, and the three cases were related in an order filed April 8, 2014.

In all three cases, plaintiffs were employed by MHN as Military Family Life Consultants ("MFLCs" or "MFL Consultants"), and they allege that they were misclassified as independent contractors.  This case is brought by plaintiffs Barbara Brown and Cindy Hiett on behalf of a class of all persons who worked as MFLCs in Washington state at any time from June 14, 2008 through the entry of judgment in this case.  The complaint seeks unpaid wages under Washington law and statutory penalties under California Labor Code § 226.8.  *Hiett* is brought by plaintiffs Barbara Brown, Cindy Hiett, and several other individuals, and is brought as a nationwide collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and also seeks statutory penalties under California Labor Code § 226.8.  Docket No. 1 in C 13-3016 SI.  *Zaborowski* is brought by different plaintiffs, and is also brought as a nationwide collective action under the FLSA, as well as class actions under California, Hawaii, Kentucky, Nevada, New Mexico, New York, and North Carolina law.  *Zaborowski* also seeks statutory penalties under California Labor Code § 226.8.  The FLSA collective classes in *Zaborowski* and *Hiett* overlap.

Plaintiffs in all three cases signed the same arbitration agreement.  While this case was pending in Washington state court, the plaintiffs moved to quash the arbitration agreement and the Washington Superior Court granted the motion.  On August 15, 2013, the Washington Supreme Court affirmed the Superior Court's order.  On September 12, 2012, plaintiffs mailed a state court-approved notice to the putative *Brown* class members.  Docket No. 38-1 ¶ 3 & Ex. A. The notice informed putative class members about this litigation, explained that attorneys from either side may contact them, and informed class members that they did not need to speak to counsel if they did not want to.

In an order filed April 3, 2013, this Court denied defendants' motion to compel arbitration in the *Zaborowski* case, and defendants filed a notice of appeal of the arbitration order on April 8, 2013.  Docket Nos. 68 & 71 in C 12-5109 SI.  On April 25, 2013, the Court granted the *Zaborowski* plaintiffs' motion for conditional certification of the FLSA collective action.  Docket No. 80 in C 12-5109 SI.  The

United States District Court
For the Northern District of California

1   *Zaborowski* plaintiffs have not yet moved to certify the state law Rule 23 subclasses.   On July 3, 2013,

2   pursuant to a stipulation of the *Zaborowski* and *Hiett* parties, this Court  (1) ordered that  *Zaborowski*

3   and *Hiett* be deemed related once *Hiett* was transferred from the Western District of Washington to this

4   District; (2) conditionally certified the FLSA collective action in *Hiett*, and (3) ordered that the notice

5   materials  to  the  conditionally-certified  FLSA  class  in  *Zaborowski*  also  be  distributed  to  the

6   conditionally-certified FLSA class in *Hiett*.  Docket Nos. 102 & 103 in C 12-5109 SI.

7       In  order an filed May 1, 2013, the Court stayed *Zaborowski* pending defendants' appeal of the

8   April 3, 2013 order denying arbitration.  Docket No. 84 in C 12-5109 SI.  In staying  *Zaborowski*, the

9   Court found, *inter alia*, that (1) the appeal "presents a legitimate, substantial question as to the

10   applicability of the FAA to California law"; if MHN proceeded to trial, it would "face substantial costs

11   of defending it, which would affect the cost-limiting purpose of arbitration"; (3) plaintiffs would "not

12   suffer substantial harm from a stay of the case"; and (4) judicial resources will be wasted if this case

13   proceeds all the way to trial, only for the Court to later discover that the case should have proceeded

14   through arbitration." *Id*. at 3-5.  On November 5, 2013, pursuant to a stipulation of the *Hiett* parties, the

15   Court stayed that case pending resolution of the appeal in *Zaborowski*.  Docket No. 104 in C 13-3016

16   SI.

17       On September 13, 2013, the *Zaborowski* plaintiffs moved to dismiss the appeal on the ground

18   that the Washington Supreme Court's August 15, 2013 decision holding the arbitration agreement

19   unenforceable constitutes a "final judgment on the merits" that should be given preclusive effect in

20   *Zaborowski*.  Docket No. 19 at (I) in Ninth Circuit Case No. 13-15671.  The *Zaborowski* plaintiffs

21   argued, *inter alia*, that *Zaborowski* "is one of three substantially similar class and collective actions,"

22   that "at issue in all three cases is the enforceability of MHN's arbitration clause," and that the

23   *Zaborowski* appeal "involves an identical issue to that decided in *Brown*, as MHN has acknowledged."

24   *Id*.  On March 18, 2014, the Ninth Circuit denied the motion to dismiss without prejudice to the

25   *Zaborowski*  plaintiffs  renewing  the  collateral  estoppel  arguments  in  their  answering  brief.   The

26   *Zaborowski* plaintiffs renewed those arguments in the answering brief filed on April 17, 2014.  Docket

27   No. 28 at 43-51, Ninth Circuit Case No. 13-15671.  MHN filed the reply brief on May 30, 2014.  Docket

28

No. 34, Ninth Circuit Case No. 13-15671.[1]

Now before the Court are three motions filed by defendants: (1) a motion to stay proceedings in this case until the resolution of the *Zaborowski* appeal; (2) a motion to compel arbitration; and (3) an alternative motion to dismiss and strike.  Defense counsel state that they asked plaintiffs to stipulate to a stay and plaintiffs declined.  Docket No. 38-1 ¶ 2.  Defendants assert that "[b]ecause the issues presented in MHNGS's Motion to Compel Arbitration are virtually identical to the issues presently on appeal before the Ninth Circuit in *Zaborowski*, perhaps the simplest option would be for the Court to stay all proceedings, including a decision on the Motion to Compel, until the *Zaborowski* appeal runs its course."  Docket No. 38 at 3:5-8.

**DISCUSSION**

A stay pending appeal is "'an exercise of judicial discretion,' and '[t]he propriety of its issue is dependent upon the circumstances of the particular case.'"  *Nken v. Holder*, 556 U.S. 418, 433 (2009) (quoting *Virginian Ry. Co. v. U.S.*, 272 U.S. 658, 672-73 (1926)).  The party requesting a stay bears the burden of showing that the case's circumstances justify favorable exercise of that discretion.  *Nken*, 556 U.S. at 433-34.  To determine whether the moving party has met its burden, the Ninth Circuit adheres to a four-factor test: (1) whether the party has made a strong showing it is likely to succeed on the merits; (2) whether it will be irreparably injured absent a stay; (3) whether issuance of a stay will substantially injure the other parties in the proceeding; and (4) where the public's interest lies.  *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011); *Nken*, 556 U.S. at 434.

Defendants contend that the Court should stay this case pending resolution of the *Zaborowski* appeal because the three related cases involve the same disputed arbitration clause and are brought on behalf of similar and overlapping classes, and thus that it makes sense to litigate the cases together.  Defendants argue that this case is in the same procedural posture as *Zaborowski* and *Hiett*, and that it should be stayed for the same reasons that the Court articulated in its May 1, 2013 order staying *Zaborowski*.

---

[1]  The docket shows that there are overlapping counsel in *Zaborowski* and *Brown*.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

Plaintiffs contend that a stay is inappropriate because the Ninth Circuit's ruling in *Zaborowski* will not impact this case. Plaintiffs argue that even if the Ninth Circuit reverses in *Zaborowski* and compels arbitration in that case (which plaintiffs assert is unlikely), this case must proceed to trial because this Court is bound by the Washington Supreme Court's decision pursuant to the *Rooker-Feldman* doctrine and the Full Faith and Credit Act, 28 U.S.C. § 1738. Plaintiffs argue that "[t]he only court that could have overturned [the Washington Supreme Court] decision – the U.S. Supreme Court under *Rooker-Feldman* – lost jurisdiction to do so many months ago when MHN failed to seek a writ of certiorari. *Rooker-Feldman* notwithstanding, under the Full Faith and Credit Act ('FFCA'), federal courts must also give the decisions of a state supreme court the same preclusive effect as the decision would have within the state." Docket No. 50 at 9:11-17.

The Court concludes that a stay of proceedings is warranted. The Court disagrees with plaintiffs that the Ninth Circuit's disposition of the *Zaborowski* appeal will not affect this case. Plaintiffs themselves have represented to the Ninth Circuit that the *Zaborowski* appeal "involves an identical issue to that decided in *Brown*," and that the Washington Supreme Court's decision should be given preclusive effect in *Zaborowski*. There is no dispute that the three cases involve the identical arbitration agreement, similar or overlapping claims, and similar or overlapping classes. The unusual procedural posture of this case, and the two related (and virtually identical) cases pending before this Court, distinguish this case from the *Rooker-Feldman* cases cited by plaintiffs. In the *Rooker-Feldman* cases, a party lost in state court and then filed a case in federal court requesting the federal court to reverse the state court decision. In those cases, the courts held that the *Rooker-Feldman* doctrine "prevents federal courts from second-guessing state court decisions by barring the lower federal courts from hearing *de facto* appeals from state-court judgments." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) (internal quotation marks omitted).

Here, in contrast, the Washington Supreme Court issued an interlocutory decision in this case prior to removal to this Court. This Court is not acting as a *de facto* appellate court, and there is no dispute that this Court has jurisdiction over this case. Plaintiffs have not cited any authority for the proposition that the *Rooker-Feldman* doctrine precludes a federal court from revisiting an interlocutory state court decision – even one issued by a state supreme court – when that case is subsequently

removed to federal court. Similarly, plaintiffs' reliance on case law interpreting the Full Faith and Credit Act is unavailing. The Full Faith and Credit Act "requires a federal district court to give the same—not more and not less—preclusive effect to a state court judgment as that judgment would have in the state courts of the state in which it was rendered." *Noel v. Hall*, 341 F.3d 1148, 1160 (9th Cir. 2003). Here, what is at issue is an interlocutory decision issued by a state court prior to removal, not a final state court judgment.

The Court concludes that a stay pending resolution of the *Zaborowski* appeal is necessary to ensure judicial efficiency and to preserve the parties' time and resources. Defendants are correct that allowing this litigation to proceed would effectively lift the stays in *Zaborowski* and *Hiett*, and plaintiffs have not proposed any way that litigation could proceed in this case independently of the two stayed cases. While allowing this case to proceed would harm defendants, a stay does not harm plaintiffs. The *Brown* class members have received the state court notice regarding this litigation. Plaintiffs also do not dispute defendants' assertion that due to significant overlap between this case, *Zaborowski* and *Hiett*, most of the putative class members in this case also received the FLSA collective action notices that were sent in the two related cases. Thus, the putative class members have been informed about this lawsuit and plaintiffs' counsel have had, and continue to have, the opportunity to communicate with them.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion to stay the case pending appeal of the Arbitration Order. The Court DENIES defendants' motion to dismiss and motion to compel arbitration, without prejudice to renewal after the stay is lifted. This resolves Docket Nos. 38, 39 & 40.

**IT IS SO ORDERED.**

Dated: June 3, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California